IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICIANS, S.C., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE, <br><br> Defendant. | No. 1:19-cv-02959 <br><br> Hon. Manish S. Shah |

**DEFENDANT THE NATIONAL FOOTBALL LEAGUE'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER**

Defendant, the National Football League (the "NFL"), respectfully submits this memorandum in support of its motion to transfer venue to the Northern District of Texas.

**PRELIMINARY STATEMENT**

This lawsuit presents the same fundamental allegations, brought by the same Plaintiff and same counsel, regarding the same underlying transaction, as an action that is currently pending before Judge Fish in the Northern District of Texas. *See Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co., et al.*, Case No. 3:16-CV-2355-G (N.D. Tex.) ("*Advanced Physicians I*"); *see also* Dkt. 11 (Def.'s Mem. in Supp. of Mot. to Dismiss at 2-3 ("Def.'s Mot. To Dismiss")) (discussing background on Texas lawsuit). As further explained in the NFL's concurrently-filed motion to dismiss, this lawsuit should be dismissed with prejudice because it is preempted by the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act, and because it fails to state a claim upon which relief can be granted. *See generally* Def.'s Mot. to Dismiss. In the alternative, this Court should transfer venue to the Northern District of Texas.

Although the named defendants and legal claims are facially different, both lawsuits fundamentally target the same transaction and alleged occurrence and concern the same core set of facts. In addition, Judge Fish is fully familiar with the allegations and legal issues present in this case, including ERISA preemption, having previously confronted these issues in the related case, *Advanced Physicians I*. As a result, the interest of justice strongly favors transfer of this action under 28 U.S.C. § 1404(a) to the Northern District of Texas. So does the convenience of the parties, counsel, and witnesses, as the parties are actively litigating in Texas and discovery between these two actions will undoubtedly overlap. Accordingly, if the Court declines to dismiss the case outright, it should at a minimum transfer venue to the Northern District of Texas.

## LEGAL STANDARD

Under Section 1404, a court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer is committed to the sound discretion of the district court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The burden is on the moving party to establish "that the transferee forum is clearly more convenient." *Id.* at 219-20.

To meet that burden, the moving party must first show that the transferee court is one in which the action could have been brought initially. *Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at *2 (N.D. Ill. Dec. 11, 2007). If so, then the court will consider: (a) the preference given to plaintiff's choice of forum; (b) the convenience of the parties, counsel, and witnesses; (c) the location of the record and material events; and (d) the interest of justice; all to determine whether, on balance, these factors weigh in favor of transfer. *See id.* at *2-5.

# ARGUMENT

Plaintiff's lone state-law tort cause of action could have (and should have) been filed in the Northern District of Texas, where Plaintiff's related suit is already pending. If this Court is not inclined to dismiss the case outright, all of the relevant factors—and especially the interest of justice—favor transferring this action to the Northern District of Texas to allow Judge Fish to determine whether Plaintiff's belated claim either should be dismissed or can proceed at this late date. *See Aland*, 2007 WL 4365340, at *3-5 (granting transfer when interest of justice supported transfer, plaintiff's choice of forum was entitled to little weight, and remaining factors were neutral or tipped only slightly in favor of transferee forum).

## I. THIS CASE COULD HAVE BEEN FILED IN THE NORTHERN DISTRICT OF TEXAS.

Venue is proper in the Northern District of Texas. As explained in the NFL's Notice of Removal and Motion to Dismiss, Plaintiff's tortious interference claim is preempted by ERISA. *See* Dkt. 1 (Def.'s Notice of Removal) ¶¶ 14-18; Def.'s Mot. to Dismiss at 3-8. Under ERISA, venue is proper in "the district where the plan is administered." 29 U.S.C. § 1132(e)(2). As Plaintiff has already conceded, the Plan is administered in the Northern District of Texas. *See* Pl.'s Fourth Am. Compl. ¶ 8, Case No. 3:16-CV-2355-G, Dkt. 81 ("Tex. Compl."). Accordingly, this case could have been filed in the Northern District of Texas.

## II. THE INTEREST OF JUSTICE FAVORS TRANSFER.

"The 'interest of justice' is a separate component of a § 1404(a) transfer analysis" that "relate[s] to the efficient administration of the court system," and encourages "consolidation" of related litigation where "feasible." *Coffey*, 796 F.2d at 220 (citations omitted). Many courts consider the interest of justice to be the most important factor under Section 1404. *See id.* (this factor "may be determinative in a particular case, even if the convenience of the parties and

witnesses might call for a different result"); *Aland*, 2007 WL 4365340, at *4 ("[T]he interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.").

The interest of justice strongly favors transfer to the Northern District of Texas, where Judge Fish has already expended considerable resources in considering *Advanced Physicians I*, a case with essentially the same allegations, facts, and legal issues.[1] *See Aland*, 2007 WL 4365340, at *5 ("1404(a) was designed to prevent the 'situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts.'"); *Carus Corp. v. Greater Texas Finishing Corp.*, No. 91 C 2560, 1992 WL 22691, at *2 (N.D. Ill. Jan. 31, 1992) ("As a general proposition, cases should be transferred to the district where related actions are pending."). As explained in *Carus*, failure to transfer a related case "would result in duplicative judicial effort requiring two courts to resolve a number of the same issues." 1992 WL 22691, at *2; *see also Abbott Labs. v. Selfcare, Inc.*, No. 98 C 7102, 1999 WL 162805, at *2 (N.D. Ill. Mar. 15, 1999) (permitting related cases to proceed in different courts "leads to the wastefulness of time, energy and money") (quoting *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960)). Therefore, "transfer of [an] action to a district which is already familiar and experienced with the facts and law relevant to [the] action will promote judicial economy." *Carus*, 1992 WL 22691, at *2; *see also Hecker v. Petco Animal Supplies, Inc.*, No. 16 C 10857, 2017 WL 2461546, at *5 (N.D. Ill. June 7, 2017) (where a case is substantially similar to

---

[1] If transferred to the Northern District of Texas, this case would likely be assigned to Judge Fish as a "related case" to *Advanced Physicians I* under that court's Related Cases rule. *See* N. Dist. Tex. Civ. R. 3.3 ("A 'related case' is any civil action . . . that—to the best of the plaintiff's or removing party's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—arises from a common nucleus of operative fact with the case being filed or removed, regardless whether the related case is a pending case"); *Cooper v. Bank of New York Mellon*, No. 3:14-CV-2795-B, 2014 WL 12585669, at *1-2 (N.D. Tex. Aug. 6, 2014) (transferring case to judge who previously dismissed related action).

another, "it would be most efficient to transfer and consolidate or otherwise coordinate" the case with the related action). It is even more appropriate where the suit in the other district was the first one filed. *Carus*, 1992 WL 22691, at *2.

This lawsuit is clearly related to, if not duplicative of, Plaintiff's pending lawsuit in Texas federal district court. Although the two actions plead different claims, both fundamentally target the same underlying transaction and occurrence—Cigna's "fail[ure] to pay [Advanced Physician's] claims on behalf of the Patients in accordance with the Plan." Tex. Compl. ¶ 45; Compl. ¶ 21 (NFL "direct[ed] Cigna to deny all of Advanced's claims for payment for medical services as work-related"). Moreover, the named plaintiff (Advanced Physicians) is identical in both suits and any issues related to the NFL's role as the Plan Administrator would be overlapping in each suit. *See, e.g.*, Tex. Compl. ¶ 29 (referring to when "Cigna and the NFL determined that Advanced should not be paid for treatment of the Patients"); *id.* ¶ 27 ("Cigna made its decision because the NFL told it to make the decision, not because the Plan did not provide coverage."). The factual allegations in the two lawsuits also largely overlap. *Compare* Compl. ¶¶ 11-15, *with* Tex. Compl. ¶¶ 13, 17-21, 30.

Furthermore, there will be overlapping legal questions as the two cases proceed. *See* Def.'s Mot. to Dismiss at 7 (listing the legal issues this Court would have to address to determine the tortious interference claim, which are the same legal questions that Judge Fish will have to address for Plaintiff's ERISA claim in *Advanced Physicians I*). "It would be inefficient to litigate [these] questions simultaneously in two forums, which could produce inconsistent results." *Hecker*, 2017 WL 2461546, at *6; *see also Abbott Labs.*, 1999 WL 162805, at *2 ("Transfer of venue also curbs the risk of inconsistent judgments").

III.   **THE REMAINING FACTORS ALSO FAVOR TRANSFER.**

The remaining factors—plaintiff's choice of forum and the convenience of the parties,

5

counsel, and witnesses—also favor transfer (or are, at worst, neutral).  Although Plaintiff chose to bring this action in Illinois, where it provided treatment to players, the underlying issue in the case revolves around the NFL's actions out-of-state—specifically, whether the NFL directed Cigna to deny payment under the Plan.  *See, e.g.*, Compl. ¶ 17.  This type of claim does not revolve around any particular situs.  *See Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992) (determination of patent infringement does not "particularly involve any significant location" so chosen forum is a neutral factor); *see also Aland*, 2007 WL 4365340, at *3 (plaintiff's choice of forum given little deference when there is no material connection to the underlying cause of action).  And because Illinois was actually Plaintiff's *second* choice of forum (after the Northern District of Texas) on the exact same facts, Plaintiff's choice of forum merits no weight at all.

       The convenience of the parties, counsel, and witnesses favor transfer.  The parties are already actively litigating *Advanced Physicians I* in the Northern District of Texas, where Plaintiff's counsel is based—negating any possible "inconvenience" argument.  *See Waller v. Burlington N. R. Co.*, 650 F. Supp. 988, 990 (N.D. Ill. 1987) ("[Plaintiff's] contention of inconvenience is difficult to comprehend given the fact he is actively litigating an identical case in the District of Nebraska against [another defendant]").  For the same reason, witness convenience and access favors transfer because the related action necessitates that many of the same witnesses travel to Texas to testify.  *See Hecker*, 2017 WL 2461546, at *5 (explaining that "[m]any of the key witnesses and documents have likely already been subpoenaed and produced in connection with [the related action]" and "[i]t would be inconvenient (not to mention wasteful) to repeat this discovery in Illinois").

## CONCLUSION

The Northern District of Texas already has extensive experience with—and has expended considerable effort on—the legal issues presented by this related case. Accordingly, if this Court is not inclined to dismiss Plaintiff's claim outright, the interest of justice, along with the other transfer factors, strongly support transferring this action to that forum so that Judge Fish can decide whether Plaintiff's claim can go forward.


DATED: May 9, 2019

                                            Respectfully submitted,

                                            */s/ John K. Theis*
John K. Theis
Allison M. Nichols
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
t: (312) 471-8700
f: (312) 471-8701
e: jtheis@rshc-law.com
e: anichols@rshc-law.com

Stacey R. Eisenstein (*pro hac vice pending*)
James C. Crowley (*pro hac vice pending*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
t: (202) 887-4000
f: (202) 887-4288
e: seisenstein@akingump.com
e: jcrowley@akingump.com

Attorneys for Defendant
National Football League

**CERTIFICATE OF SERVICE**

I, John K. Theis, hereby certify that on May 9, 2019, I filed a copy of the foregoing document electronically using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record, and served on the following by U.S. Mail:

D. Todd Mathews
Samira Z. Kazaeli
Gori Julian & Associates, P.C.
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833

Steven E. Aldous
Forshey & Prostock, LLC
500 Crescent Court
Suite 240
Dallas, TX 75201
(214) 716-2100

Jason C. Webster
The Webster Law Firm
6200 Savoy, Suite 150
Houston, TX 77036
(713) 581-3900

*/s/ John K. Theis*

John K. Theis