UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADVANCED PHYSICIANS, S.C.,           )
                                     )
              Plaintiff,             )
                                     )
VS.                                  )          CIVIL ACTION NO.
                                     )
NATIONAL FOOTBALL LEAGUE,            )          3:19-CV-2432-G
                                     )
              Defendant.             )
                                     )

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant National Football League ("NFL")'s motion to dismiss the plaintiff Advanced Physicians ("Advanced")'s complaint.  Defendant's Motion to Dismiss and Memorandum in Support ("Motion") (docket entry 50).  For the reasons stated herein, the motion is **GRANTED**.

## I.  BACKGROUND

### A.  Factual Background

Advanced alleges as follows.

Advanced is a medical clinic located in the state of Illinois.  Plaintiff's Original Petition ("Original Petition"), *attached to* Defendant's Notice of Removal (docket entry 1-1) ¶ 1.  The NFL is a professional football league made up of 32 independently owned and managed football teams located across the United States.

*Id*. ¶ 6.  The players on each NFL team are employees of the team itself and not of the NFL.  *Id.* ¶ 8.  The NFL Management Council ("management council") is the representative of the 32 teams during negotiations with the NFL Players Association ("players association").  *Id.* ¶ 7.  The management council (on behalf of the teams) and the players association (on behalf of the players) negotiated a Collective Bargaining Agreement (the "CBA"), which provides the "sole legal basis for the NFL to exercise any control over current or former NFL players."  *Id.* ¶ 8.

The CBA states that the NFL will give players medical benefits by way of the NFL Player Insurance Plan (the "plan").  *Id.* ¶ 10.  The individual teams each contribute to the plan, which then provides for medical services to active and retired players who meet certain requirements.  *Id.*  The management council is the designated administrator of the plan, but has delegated its authority to administer and interpret the plan and claims to Cigna Health and Life Insurance Company ("Cigna").  *Id.* ¶ 11.

Beginning in 2007, Advanced began treating retired NFL players and, even though Advanced was "out of network," it would still submit its claims to Cigna and Cigna would pay those claims.  *Id.* ¶ 12.  This process continued until June of 2015, when Cigna began denying claims that Advanced submitted.  *Id.* ¶ 14.  Cigna said that it denied Advanced's claims because of irregularities discovered by Cigna's random audit team.  *Id.*  Advanced believes that the NFL told Cigna to deny

Advanced's claims because some of the players that Advanced treated were using diagnostic tests administered by Advanced as evidence of a disability, and requesting disability pay under the NFL's disability plan. *Id.* ¶¶ 15-16. Advanced alleges that the NFL thus decided to retaliate against Advanced by directing Cigna to deny Advanced's claims. *Id.* ¶ 15. Advanced contends that the NFL interfered with Advanced's "reasonable expectation that it would continue to treat [Advanced's] patients who were and are beneficiaries under the Plan." *Id.* ¶ 17.

B.  <u>Procedural Background</u>

In 2016, Advanced brought suit against Cigna and other related entities, alleging state law tort claims in order to recover for claims Cigna allegedly wrongfully denied. Motion at 1. Advanced then dismissed its state law tort claims and began seeking relief exclusively under the Employee Retirement Income Security Act ("ERISA") from Cigna and the plan. *Id.*; see generally *Advanced Physicians v. Connecticut General Life Insurance Co.*, No. 3:16-CV-2355-G, (N.D. Tex.) ("*Advanced I*"). That case is currently pending before this court.

Separately, on March 15, 2019, Advanced initiated the present case by filing its original petition in an Illinois state court. *See* Original Petition. Advanced's original petition asserts a single Illinois state law tort claim against the NFL for interference with prospective economic advantage. *Id.* ¶¶ 18-22. On May 2, 2019, the NFL removed this case to the United States District Court for the Northern

- 3 -

District of Illinois.  *See* Defendant's Notice of Removal (docket entry 1).  On May 9, 2019, the NFL filed a motion to dismiss for failure to state a claim, and a motion to transfer the case to this district.  *See* Motion to Dismiss (docket entry 10), Motion to Transfer (docket entry 13). On June 3, 2019, Advanced filed a motion to remand. *See* Motion to Remand (docket entry 17).  After the parties had fully briefed the motions, on October 10, 2019, United States District Judge Manish S. Shah denied Advanced's motion to remand, holding that Advanced's state law tort claim was completely preempted by ERISA.  Memorandum Opinion and Order (docket entry 36) at 6.  In the same opinion, Judge Shah granted the NFL's motion to transfer, noting that Advanced's Illinois state law claim is "similar, if not the same" as the ERISA claims at issue in *Advanced I.*  See *id.* at 7.  Judge Shah did not rule on the NFL's motion to dismiss.  *Id.* at 8.  On October 11, 2019, the case was transferred to this district.  *See* Case Transfer (docket entry 37).

On October 15, 2019, after the case was transferred and the Northern District of Illinois relinquished jurisdiction, Advanced filed a motion to certify the order denying remand in the Northern District of Illinois.  See *Advanced Physicians, S.C. v. National Football League*, No. 1:19-CV-2959, Docket Entry 38 (N.D. Ill. Oct. 15, 2019).  On November 13, 2019, Judge Shah held a hearing where he denied the motion for want of jurisdiction.  See *id.* Docket Entry 42.  At that hearing, the plaintiff requested that Judge Shah "dismiss [the case] with prejudice" and noted that

Judge Shah's ruling "now constitutes law of the case for the Northern District [of Texas], who will not sit in judgment of your order." *Id.* Docket Entry 43 at 5-6. Judge Shah noted that even if his court did have jurisdiction, he would deny the motion "because plaintiff has conceded that the court's preemption ruling should result in a dismissal with prejudice, terminating the case." *Id.* Docket Entry 42.

On April 28, 2020, the NFL filed in this court a motion to dismiss and a brief/memorandum in support. *See* Motion. On May 19, 2020, Advanced responded. *See* Response (docket entry 51). On June 2, 2020, the NFL replied. *See* Reply (docket entry 53). The NFL's motion to dismiss is now ripe for decision.

## II.  ANALYSIS

In order to determine whether the NFL's motion to dismiss ought to be granted or denied, the court must determine whether Advanced's Illinois state law claim against the NFL is preempted by ERISA. The court finds, based on both the law of the case doctrine as well as an independent determination, that Advanced's claim is preempted by ERISA.

### A.  Law of the Case

#### 1.  *Legal Standard*

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of*

*America Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)); see also *Royal Insurance Company of America v. Quinn–L Capital Corporation*, 3 F.3d 877, 880-81 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994). While the law of the case doctrine usually arises when a party asks a transferee court to review the transfer decision of the transferor court, "under the law of the case doctrine, the transferee court does not directly review either the transfer order *or other rulings of the transferor court*." *Odem v. Centex Homes, Inc.* No. 3-08-CV-1196-L, 2010 WL 2382305, at *1 (N.D. Tex. May 19, 2010) (Stickney, M.J.) (emphasis added), report and recommendation adopted by *Odem v. Centex Homes*, No. 3-08-CV-1196-L, 2010 WL 2367332 (N.D. Tex. June 8, 2010) (Lindsay, J.).[1]

## 2. *Analysis*

In his October 10, 2019 memorandum opinion and order, Judge Shah analyzed Advanced's claim and held: "ERISA completely preempts Advanced's state-law claim, and removal was therefore proper." Memorandum Opinion and Order at 6. At the hearing on November 13, 2019 in the Northern District of Illinois, Judge Shah asked:

---

[1] The Fifth Circuit has articulated three instances in which a court may dispute the finding of a coordinate court: when "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work manifest injustice." *North Mississippi Communications, Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir.), *cert. denied*, 506 U.S. 863 (1992). Advanced neither argues that any of these apply, nor does the court find that any of the prescribed exceptions are met.

> One question on my mind about the posture of the case is
> if the plaintiff's position is that the NFL is not a proper
> party to an ERISA claim, then isn't it the logical import of
> that position that a dismissal should be entered with
> prejudice, terminating the case, and then you would take
> an appeal from that final judgment?

*Advanced Physicians S.C. v. National Football League*, No. 1:19-CV-2959, Docket Entry

43, at 2 (N.D. Ill. Oct. 15, 2019).  Counsel for Advanced responded:

> I agree with you, Your Honor, and I agree with you that a
> dismissal with prejudice would resolve all of this . . . So I
> would ask that it - - assuming the Court can get over the
> jurisdictional hurdle of the fact that the Northern District
> already has the case, I would request that you dismiss it
> with prejudice and let us go straight to an appeal of the
> Seventh Circuit.

*Id.* at 4-5.  Finally, Judge Shah noted in his minute entry that "plaintiff has conceded

that the court's preemption ruling should result in a dismissal with prejudice,

terminating the case."  *Id.* Docket Entry 42.

In determining whether the law of the case doctrine applies, the court finds

Judge Fitzwater's analysis in *Gotta v. Urso*, No. 3:05-CV-1144-D, 2006 WL 8437549

(N.D. Tex. Mar. 17, 2006) (Fitzwater, J.), instructive.  In *Gotta*, the defendant

removed the case to the Northern District of California, alleging that the plaintiffs'

state law claims were preempted by ERISA.  *Id.* at *2.  The Northern District of

California held that the claims were preempted and denied the plaintiffs' motion to

remand.  *Id.* The Northern District of California then transferred the case to the

Northern District of Texas and the plaintiffs again filed a motion for remand.  *Id.*

Judge Fitzwater agreed with the defendant's contention that the law of the case doctrine "'applies as much to the decisions of a coordinate court in the same case as to a court's own decision.'"  *Id.* (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988)).  Judge Fitzwater went on to say:

> The same concerns expressed by the courts in *Christianson*,
> 486 U.S. at 819—that "private and public resources"
> would be wasted—and in *Free* [*v. Abbott Laboratories, Inc.*],
> 164 F.3d [270, 272 (5th Cir. 1999)]—that plaintiffs would
> engage in "panel shopping"—apply with equal force in
> these circumstances, where a determination has already
> been made that the court has subject matter jurisdiction.

*Id.*  The *Gotta* court concluded that the law of the of the case doctrine applied to the Northern District of California's previous determination that the plaintiffs' claims were preempted by ERISA.  *Id.* at *3.

Similarly, in this case, the Northern District of Illinois has already determined that Advanced's claim against the NFL is preempted by ERISA.  To avoid "a vicious circle of litigation," see *Christianson*, 486 U.S. at 816, the court determines that, in applying the law of the case doctrine, Advanced's claims are preempted by ERISA.

## B.  ERISA Preemption

Alternatively, after conducting an independent determination of whether Advanced's Illinois state law claim is preempted by ERISA, the court determines that the claim is in fact preempted.

The NFL argues that Advanced's state law claim for tortious interference with

prospective economic advantage is preempted by ERISA because both prongs of the Supreme Court's test in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), are met. Motion at 7.  In *Davila*, the Court determined that a claim is preempted by ERISA "[(1)] if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and [(2)] where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210.  Advanced counters that its claim could not have been brought under ERISA § 502(a)(1)(B) and there is an independent legal duty that is implicated by the NFL's actions.  Response at 3-6. The court considers the parties' arguments in turn.

1. *Bringing A Claim Under ERISA § 502(a)(1)(B)*

To bring a claim under § 502(a)(1)(B) of ERISA, a plaintiff must be a "participant or beneficiary" of the plan and attempting to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  In its normal course of business, Advanced would treat NFL players and the players would assign their rights to Advanced.  Original Petition ¶ 13.  Those rights "authorized Advanced to receive payment from the Plan."  *Id*.  Advanced would then submit claims to Cigna on behalf of the NFL players it treated in order to receive payment.  *Id.* ¶ 12.  Taking as true Advanced's assertion that the players assigned their rights under the plan to Advanced, *id.*, the court concludes that

- 9 -

Advanced would have standing to bring a lawsuit under ERISA. *See* Memorandum Opinion and Order at 3-4 (where Judge Shah determined that, under Seventh Circuit law, Advanced "qualifies as a 'beneficiary' that could bring a lawsuit under ERISA § 502(a)(1)"); see also *Tango Transport v. Healthcare Financial Services LLC*, 322 F.3d 888, 891-92 (5th Cir. 2003) (finding that the assignee of a plan participant has derivative standing to bring a cause of action for enforcement under ERISA).

To determine whether Advanced is attempting to recover benefits due to it under the plan and thus whether Advanced's claim is completely preempted by ERISA, the court must examine Advanced's complaint, the state law, and the plan documents. *Davila*, 542 U.S. at 211. To state a claim for tortious interference with prospective economic advantage, Advanced must allege "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from defendant's interference." *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 406-07 (1996) (citation omitted).

After treating NFL players, Advanced sought payment from Cigna, which then reimbursed Advanced with funds from the plan. Original Petition ¶¶ 12-13. Advanced alleges that the NFL interfered with Advanced's relationships with NFL players, resulting in decreased future business for Advanced. *Id.* ¶ 17. The crux of

- 10 -

the issue is whether Advanced has a "reasonable expectancy" of treating more NFL players in the future.  In order to determine whether Advanced had such an expectancy, the court would have to analyze the terms of the plan to determine the scope of the rights and benefits assigned to Advanced by the players.  In short, the court cannot conclude whether Advanced has a reasonable expectancy of treating NFL players in the future without first determining whether Advanced has the right (via assignment from the players) to receive reimbursement from the plan for the medical services that Advanced provides.  In addition, Advanced's contention that it could not have brought a claim under ERISA § 502(a)(1)(B) belies the fact that Advanced has brought, and continues to litigate, very similar claims in *Advanced I*.  Accordingly, the court concludes that Advanced could have brought its claim under ERISA § 502(a)(1)(B).

### 2.  *Independent Legal Duty*

To meet the second prong of the *Davila* test, the NFL must show that "no other independent legal duty that is implicated by [the NFL's] actions."  *Davila*, 542 U.S. at 210.  "State law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan forms an essential part of the claim."  *Ford v. Freeman*, 388 F. Supp. 3d 692, 700 (N.D. Tex. 2019) (Boyle, J.) (citing *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation*, 903 F. Supp. 2d 880, 929 (C.D. Cal. 2012)) (brackets and internal quotation marks omitted).

- 11 -

Advanced's claim hinges on two assertions: first, that it had a "reasonable expectancy" of being able to treat future NFL clients and therefore receive benefits under the plan; and second, that the NFL's interference was intentional and unjustified.  Memorandum Opinion and Order at 5.  As discussed above, Advanced's "reasonable expectancy" of being able to treat future NFL clients and receive payment for its services is an essential part of the claim and necessarily involves the "interpretation of the terms of the benefit plan."  See *Ford v. Freeman*, 388 F. Supp. 3d at 700.  Furthermore, whether the alleged interference was "intentional and unjustified" also requires an interpretation of the terms of the plan.  The court cannot say that the NFL's alleged interference in question was unjustified, or that Advanced had a reasonable expectancy of future payment for its services, without first determining whether Advanced has a right to receive reimbursement under the plan. The only way that Advanced can show intentional and unjustified interference is by establishing that Advanced was entitled to receive future benefits under the plan as an assignee.

Accordingly, because disposition of Advanced's state law claim would require the court to interpret the terms of the plan, the court concludes that Advanced's claim for tortious interference with prospective economic advantage is preempted by ERISA.

C.  <u>The NFL as a Proper Defendant</u>

The NFL's final contention is that the league is not a proper defendant in this

case because an ERISA § 502(a)(1)(B) claim may not be brought against a plan

sponsor.  Motion at 9-10.  While this case was in the Northern District of Illinois,

the parties debated whether the NFL could be a proper defendant to an ERISA case.

Advanced argued that the NFL could not be, attempting to get the case dismissed

with prejudice so that Advanced could immediately appeal the question of

preemption to the Seventh Circuit.  *See* Plaintiff's Original Response to Defendant's

First Motion to Dismiss (docket entry 28) at 7.  The NFL also noted Advanced's own

contentions in the hearing in the Northern District of Illinois, where Advanced

requested that Judge Shah dismiss the case with prejudice.  *Advanced Physicians, S.C.

v. National Football League*, No. 1:19-CV-2959, Docket Entry 43, at 5 (N.D. Ill. Oct.

15, 2019).

Section 502(a)(1)(B) of ERISA makes no mention of the outer limits of who

may be sued under the Act.  While as a general rule, "any civil action for benefits due

under an ERISA plan must be brought against the plan, rather than the plan

sponsor," *Picou v. Federal Express Corp.*, 7 F. Supp. 3d 655, 658 (N.D. Tex. 2014)

(Means, J.), the Fifth Circuit has held that "a claimant may bring suit against an

employer when [(1)] the plan has no meaningful existence apart from the employer,

and [(2)] when the employer made the decision to deny benefits."  *LifeCare*

- 13 -

*Management Services LLC v. Insurance Management Administrators Inc.*, 703 F.3d 835, 843 (5th Cir. 2013).

Advanced argues that the NFL effectively made the decision to deny benefit payments to Advanced by directing Cigna to deny Advanced's benefit claims as work-related. Original Petition ¶ 15. However, the NFL is not actually the employer of the players or retired players, the individual teams are. Original Petition ¶ 8; *see also* Response at 4-5. In addition, Advanced has an ongoing suit in this court against the plan itself, proving that the plan has a meaningful existence apart from the employer. See *Advanced I*.

Because Advanced's claim is completely preempted by ERISA, Advanced has failed to establish that the NFL is a proper defendant.

### III.  CONCLUSION

For the reasons stated above, the NFL's motion to dismiss Advanced's complaint is **GRANTED**. Advanced shall have 14 days from the entry of this order to amend its complaint to allege facts showing that the NFL is a proper defendant in this action, and to assert any ERISA claims Advanced may have against the NFL. If no such amended complaint is filed and served within that time, judgment will be entered dismissing this case with prejudice.

- 14 -

**SO ORDERED**.

August 14, 2020.

_____
A. JOE FISH
Senior United States District Judge